UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
WILLIAM CLAYTON,                      :
     Plaintiff,                       :
                                      :    Case No. 3:06cv667 (JBA)
v.                                    :
                                      :
CITY OF MIDDLETOWN, ET AL.,           :
     Defendants.                      :
```

**RULING ON DEFENDANT PHILLIP PESSINA'S MOTION FOR MORE DEFINITE STATEMENT [DOC. #25]**

Plaintiff brings suit against the City of Middletown ("the City"), Mayor Domenique Thornton ("Thornton"), and Chief John Edward Brymer, Jr. ("Brymer") and Captain Philip Pessina ("Pessina") of the Middletown Police Department based on incidents arising from plaintiff's initiation of an investigation into the conduct of Lieutenant Frank Violissi ("Violissi"), whom plaintiff maintains took home a police safe previously used for storing evidence against orders.  (See Compl. ¶ 7-2,[1] 9, 10.) Defendant Pessina filed a Motion for More Definite Statement [Doc. #25] pursuant to Fed. R. Civ. P. 12(e), which the Court now DENIES for the following reasons.

**I. Standard**

A complaint must include a "short and plain statement of the claim" and the grounds on which the claim is based.  See Fed. R.

---

[1] As discussed infra, there are two paragraphs numbered "7" in the Complaint.  Therefore, the first of these will be referred to as "7-1," and the second as "7-2."

1

Civ. P. 8(a).  Where a defendant cannot reasonably respond to a complaint because of the latter's vagueness or ambiguity, a court may grant the defendant's motion for more definite statement. See Fed. R. Civ. P. 12(e).[2]  "Such motions, however, are generally not favored," as they are not a substitute for discovery, Wallett v. Anderson, No. 00cv0053, 2000 U.S. Dist. LEXIS 20995, at *12 (D. Conn. Dec. 1, 2000) (citation omitted), and "[t]he granting of [such] a motion . . . is within the discretion of the district court," Szarmach v. Sikorsky Aircraft, No. 01cv699, 2001 U.S. Dist. LEXIS 25744, at *8-9 (D. Conn. Sept. 28, 2001).

**II. Discussion**

Defendant Pessina's Motion lists three general deficiencies in the Complaint: two consecutive paragraphs are numbered "7;" several of the paragraphs, namely 30 and 32, do not specify Pessina's involvement; and it is unclear how Counts One, Two, and Four apply to Pessina.  (See Def. Mot. [Doc. #25-1] at 2-3.)  Given these defects, defendant seeks clarification of background

---

[2]   If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.  The motion shall point out the defects complained of and the details desired. . . .

Fed. R. Civ. P. 12(e).

paragraphs 7-2 through 41; a showing of how Counts One, Two, and Four[3] apply to Pessina, as opposed to the other defendants; and renumbering of the potentially amended complaint.  (See id. at 3.)  In opposition, plaintiff argues that defendant's Rule 12(e) Motion is facially insufficient as not articulating "the defects complained of and details desired" and is unfounded in that the complaint is "more than sufficiently clear" to meet the pleading requirements of Rule 8. (See Pl. Opp. Mem. [Doc. #29] at 1.)

    Plaintiff sues defendant Pessina in the latter's capacity as police captain, claiming violations under 42 U.S.C. § 1983 of the Fourteenth Amendment Equal Protection Clause (Count One), the First Amendment (Count Two), and the Fourteenth Amendment Due Process Clause (Count Four).  Background paragraphs 7-2 through 38 allege the facts grounding all counts of plaintiff's complaint and are made applicable to Pessina in paragraph 39: "Pessina participated in and/or was aware of and/or condoned the basis for the aforementioned actions" (Compl. at 8 ¶ 39.)  The two paragraphs defendant identifies as being too vague in relation to himself are as follows:

> 30. The City also proceeded with disciplinary action against Plaintiff.  As a result there were a series of letters and discussions between the City and the Union related to the City [sic] failure to comply with previous labor agreements and complaints.

---

[3] Pessina's motion also erroneously references a claimed need to revise Count Three, which is captioned as applying only to defendant Middletown.

3

>    32. Thereafter, on or about May 1, 2003, a City Hall employee advised Plaintiff that "no matter what" the City intended to terminate him at the conclusion of the disciplinary process.

(Compl. at 6-7 ¶¶ 30, 32.)  Defendant correctly asserts that these paragraphs do not indicate "which specific actions [Pessina] actually 'participated in or was aware of and/or condoned'" (Def. Mot. at 2.) with respect to the City-Union discussions or the City Hall employee's advisement that plaintiff would eventually be terminated.  However, other "Background" paragraphs in the complaint speak directly and in detail to the actions of defendant Pessina.  (See Compl. ¶¶ 11, 14, 15, 17-20.[4])

---

[4] These paragraphs read as follows:

>    11. Immediately thereafter, Plaintiff generated a case number and initiated an investigation into Violissi's unauthorized removal of the city[-]owned safe.  As the Captain in charge of the Patrol Division, Pessina was promptly informed that Plaintiff had generated a case number and initiated an investigation regarding Violissi's conduct[.]
>    . . . .
>    14. Pessina was also made aware of the tension when Plaintiff and Police Officer Sam DiProto met with Pessina to discuss Violissi and Plaintiff's concern that Violissi would retaliate against him.
>
>    15. Thus, Brymer, Pessina and Custer were all aware of the tension between Violissi and Plaintiff due to Plaintiff's protected conduct.
>    . . . .
>    17. The next day, Plaintiff met Pessina with [sic] to discuss union[-]related matters.  Specifically, plaintiff was relating the union's position that Violissi had violated the collective bargaining

4

Counts One, Two, and Four each incorporate paragraphs 1-41 and then make allegations tailored to the elements of the respective claims.  In the non-incorporated paragraphs, the four defendants are not addressed separately; rather, plaintiff alleges that, <u>e.g.</u>, "Acting under color of law, Defendants singled Plaintiff out for unfair and intentionally discriminatory treatment compared to other similarly situated employees of Middletown (i.e. Violissi)" (Count One) (Compl. at 8 ¶ 42); "Defendants took adverse action against Plaintiff in retaliation for his First Amendment protected conduct" (Count Two) (Compl. at 9 ¶ 44); and "Acting under color of law, Defendants failed to

---

agreement and grievance settlements by improperly assigning overtime.  During that meeting, Plaintiff specifically requested Pessina not to inform Violissi of this grievance because Violissi was already agitated about Plaintiff's actions related to the theft of the safe.

18. During a discussion in the hallway later that day, Violissi approached and confronted Plaintiff regarding his investigation into the theft of the safe.  Rather than diffuse [sic] the situation, Pessina left the area.  Thereafter, Violissi assaulted and injured Plaintiff.

19. Plaintiff then placed Violissi under arrest at that time.  Immediately thereafter, Pessina ordered that no arrest could be made.

20. The next day, Pessina directed Clayton to resume patrol duties.  In that connection, Pessina stated in the presence of Lieutenant Fran Alhquist and Sergeant mike Marion: "If I thought you were a danger, I would not allow you to be on the street."[ ]

(Compl. at 3-5.)

provide Plaintiff a meaningful opportunity to be heard prior to his termination and/or predetermined the result of the disciplinary charges against him" (Count Four) (Compl. at 11 ¶ 44).

A motion for more definite statement is not a motion to dismiss and therefore does not require the Court to assess the viability of the claims.  Here, plaintiff apparently chose to make allegations against the defendants collectively, and Rule 8 does not prohibit such allegations against multiple defendants.  Moreover, given that paragraphs 11, 14, 15, and 17 through 20 expressly name defendant Pessina, the Court does not find the Complaint so unreasonably vague as to prevent defendant from formulating a responsive pleading.  Finally, the fact that there are two background paragraphs numbered 7 is hardly an insurmountable condition for purposes of crafting an answer to the Complaint.

## III. Conclusion

Accordingly, defendant Pessina's Motion for More Definite Statement [Doc. #25] is DENIED.

IT IS SO ORDERED.

/s/

_____
JANET BOND ARTERTON, U.S.D.J.

**Dated at New Haven, Connecticut, this 10th day of October, 2006.**